IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IMPREGLON, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:05-CV-2563-RWS |
| NEWCO ENTERPRISES, INC., and W. CURT JARRELL, | : | |
| Defendants. | : | |

**ORDER**

Now before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [2-1]. After considering the entire record and argument of counsel, the Court enters the following Order.

**I. Factual Background**

Plaintiff, Impreglon, Inc., is a Georgia corporation which is in the business of applying various metallic or synthetic coatings to metal, fiber, plastic, or other products provided by its customers. Defendant, Newco

AO 72A
(Rev.8/82)

Enterprises, Inc., is a Georgia corporation which had previously utilized Plaintiff to provide coating products and services to its customers and which now provides coating products and services similar to those offered by Plaintiff. Defendant, W. Curt Jarrell, is the former president and CEO of Plaintiff and is currently employed by Defendant Newco, Inc.

In communicating with its customers, Plaintiff utilizes an alphanumeric code system to represent the various coating products and processes it offers. Plaintiff alleges that this alphanumeric system is proprietary, that Defendants are using the same alphanumeric code system to refer to its own coating products and processes, and that this use by Defendants is improper and creates substantial likelihood of confusion among customers. Specifically, Plaintiff alleges that Defendants' use of its alphanumeric code system constitutes unfair competition and a false designation of origin in violation § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq. In addition, Plaintiff alleges that Defendants have misappropriated trade secrets in violation of O.C.G.A. § 10-1-761; converted the property of Plaintiff; and that Defendant Jarrell has breached his fiduciary

2

duty and violated certain restrictive covenants contained in his employment contract.

Defendants adamantly deny these allegations.  Regarding the alleged violations of the Lanham Act in particular, Defendants contend that "Plaintiff has no proprietary interest in the coatings, processes and numbers that it uses.  Further, any use by Defendants is permitted under 15 U.S.C. § 1125(c)(4)(A) which permits the fair use of a mark in comparative commercial advertising or promotion to identify the competing goods or services of the owner of the mark.  (Defs.' Mot. to Strike and Resp. to Pl.'s Mot. for Prelim. Inj. and TRO.)

Plaintiff now seeks a temporary restraining order and preliminary injunction preventing Defendants from "further marketing, selling, and providing services using and passing off as it's own certain alpha-numeric phrases developed and used by [Plaintiff] as trademarks in providing services of surface treatment in coating."  (Pl.'s Mot. for Prelim. Inj. and TRO [2-1].)

## II.  Nature of Relief Granted

Plaintiff's initial Motion seeks both a temporary restraining order and preliminary injunction.  The Court has reviewed the filings in this matter, heard the argument of counsel, and discussed the anticipated terms of this Order with

the parties during a hearing held October 12, 2005.  In light of Defendants' representation that they would suffer no prejudice as a result of this Order, the Court elects to enter a preliminary injunction which is to remain in place until such time as this dispute is settled or a trial on the merits may be held.  The Court recognizes, however, that the respective positions of the parties may change as discovery progresses.  Therefore, the Court emphasizes that if, after discovery, either party believes that the scope or terms of this Order should be revisited, that party may request a hearing, and the Court will endeavor to quickly address their concerns.

### III.  Scope of the Injunction

#### A.  Defendants' use of Plaintiff's alphanumeric codes

Defendants are hereby enjoined from using Plaintiff's alphanumeric code system insofar as Defendants are prohibited from: (1) representing that the coating products or processes previously provided by Plaintiff are their own; (2) representing that the coating products or processes provided by Defendant are those of Plaintiff; or (3) identifying their coating products or processes by the same alphanumeric codes utilized by Plaintiff unless the use of such codes is

specified or required by the original manufacturer of the coating products or processes.

In no case shall this injunction be deemed to preclude Defendants from cross-referencing Plaintiff's alphanumeric codes, or making comparison between their own coating products or processes and those of Plaintiff as represented by Plaintiff's alphanumeric codes.  For example, although Defendants would be prohibited under the terms of this Order from representing that they in fact sell the coating or process "PC30302", Defendants would be free to inform customers that they offer a coating or process equivalent, or even structurally and chemically identical, to that offered by Plaintiff as "PC30302".

### B. Defendants' use of Plaintiff's proprietary processes

In light of the substantial uncertainty surrounding which, if any, of Plaintiff's coating processes are proprietary, the Court declines at this time to enter any injunction as to specific coating processes which may or may not be used by Defendants.

5

## Conclusion

In light of the foregoing, and as discussed above, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [2-1] is hereby **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED** this   13th   day of October, 2005.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE
